RAFAEL VALENTÍN, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

No. 4172.   Argued November 23, 1927.—Decided January 18, 1928.

*Angel A. Vázquez* for the appellant.   *F.* and *M. Acosta Velarde* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A supplementary motion to dismiss the appeal herein refers to a former motion based upon the failure of appellant to file a transcript of the evidence within the time prescribed therefor, and to the subsequent filing of such transcript which appellee now insists is unavailing and of no legal force or effect:

(*a*) Because it was filed after the expiration of the period prescribed by law and without an extension of time having been obtained therefor;

(*b*) Because the same was presented in two separate parts, transcribed in different types and upon different kinds of paper without any connection or relation between the two, only one of which appears to have been signed by the district judge, the other having neither signature nor seal;

(*c*) Because the said transcript was filed in two separate portions and not as a whole, and without consecutive numbering of the pages thereof, as required by Rule 39 of this court;

(*d*) Because the same is not certified by the district judge, inasmuch as neither of the said parts bears the seal of the court as required by subdivision 3 of section 20 of the Code of Civil Procedure; and

(*e*) Because the district court was without jurisdiction or power to approve the transcript of the evidence herein for the following reasons:

1. Because on March 21, 1927, the court below ordered plaintiff to file within ten days a transcript of the evidence adduced in the case of Agustín Roselló Bras v. The American Railroad Company of Porto Rico in order that the same, together with the evidence herein, upon approval thereof by the trial judge, might constitute the transcript of the evidence in the instant case.

2. That on April 19, 1927, that is to say, more than ten

days after the date of the order of March 21, 1927, the district court gave plaintiff another week within which to file the said transcript.

3. That between March the 21st and April 19th plaintiff did not ask for an extension of time within which to file the said transcript, nor was any such extension granted by the court.

4. That the term of ten days fixed by the court below for the filing of said transcript having expired, and plaintiff not having complied therewith or asked for or obtained any extension thereof, the district court was without jurisdiction or power to grant a new term for that purpose.

On August 11, 1927, the time for filing the transcript of the record in this court was extended to September the 10th. The judgment roll was filed on September the 6th. On September the 12th appellee moved to dismiss for want of a transcript of the evidence. The transcript was received on the following day, together with a letter from the secretary of the district court addressed to the secretary of this court explaining that at the time of transmitting the judgment roll the two volumes of the transcript of the evidence had been left upon the desk in the office of the clerk of the court below. There is nothing whatever to indicate that appellant was in any way responsible for the failure to forward the transcript of the evidence together with the judgment roll. The transcript of the evidence was approved by the trial judge on July 11th and the certificate of the clerk indorsed upon the judgment roll is dated July the 13th. The motion for an extension of time within which to file the transcript of the evidence in the office of the secretary of this court, dated August 11, 1927, explains that the transcript had been duly approved and signed by the judge of the district court and had not been transmitted to the secretary of this court because of the great volume of work in the office of the secretary of the district court. The

secretary of the district court also certifies that the transcript of the evidence was omitted through inadvertence at the time of transmitting the judgment roll, and that the said omission was not discovered until the day upon which the said transcript was forwarded to the secretary of this court.

When the instant case was called for trial, counsel for plaintiff announced that in the case of Rafael Valentín, Benito Leclerc and Carlos Rosado, respectively, v. The American Railroad Co. a stipulation had been filed to the effect that in each of said cases the evidence already introduced in the case of Agustín Roselló Bràs v. The American Railroad Co. should be adopted and deemed to have been introduced in each of the said cases, and that additional evidence would be introduced only in regard to the nature of the injuries received and the amount of damages sustained by the respective plaintiffs.

Thereupon the attorney for defendant inquired whether or not the three plaintiffs Valentín, Leclerc and Rosado Acosta were present. Counsel for plaintiffs replied in the affirmative and requested that the three plaintiffs be permitted to take their seats (with counsel) so as to be available for examination by experts. The attorney for defendant then suggested that, for the purposes of record, the testimony in the case of Valentín should be heard first, and it was so ordered. Thus the three cases seem to have been tried together and disposed of at the same time, although the testimony was so ordered as to admit of separate transcripts on appeal. The same procedure seems to have been followed at the successive hearings upon the question of approving the respective transcripts, there being but one stenographic record in each instance covering all questions raised with reference to such transcripts.

The order for the preparation of the transcript in the Valentín case refers only to the evidence adduced and to

the proceedings in that case and makes no mention of the Roselló Bras case or of any transcript of the evidence adduced therein.

When the four cases were called for the purpose of considering the several transcripts, the attorney for defendant objected that there was but one transcript of the evidence adduced in the case of Roselló Bras and that the transcripts in the other three cases were insufficient and incomplete because confined to the evidence actually introduced in each of the said cases. Counsel for plaintiffs insisted that the transcripts as presented were within the terms of the stipulation, but the court announced its approval of the transcript in the case of Roselló Bras only and gave appellants ten days within which to amend the transcripts in the other three cases. The court also directed the preparation of proper orders in each case, with reference to this and other matters discussed at the hearing.

On the same day, March 21, 1927, the district judge appears to have signed two separate and more or less contradictory orders, one of which is referred to and relied upon by appellee in the motion to dismiss, and the other of which is invoked by counsel for appellant as authority for the subsequent submission of an equally defective transcript for the approval of the district judge.

One of these orders, a certified copy of which is now produced by appellee, directs the filing of a transcript of the evidence adduced in the case of Roselló Bras within ten days to the end that the same, together with the evidence adduced in the instant case, when approved by the trial judge, might constitute the transcript on appeal. The other recites that the Roselló Bras case was tried together with those of Valentín, Leclerc and Rosado Acosta, that the parties had stipulated and agreed in writing that all the plans, documents and evidence adduced in the said Roselló

Bras case should be deemed to have been introduced in the other cases mentioned, that the transcript of the evidence in the Roselló Bras case had been approved and contained all the details connected with the accident upon which the action herein is based,—and thereupon ordains that the transcript of the evidence to be filed by plaintiff herein shall refer only to the injuries received by plaintiff and shall be filed within ten days.

On March the 30th plaintiff, referring to the order last aforesaid and indicating that a transcript prepared in accordance therewith had been duly filed, moved for the approval of such transcript and asked that Monday April the 18th, 1927, be designated as the day for a hearing in this regard.

It was at this stage of the proceedings that the district court, on April the 19th, 1927, granted the extension of time now challenged by appellee for want of jurisdiction upon the ground that the period fixed by the previous order of March 21st had expired.

No doubt the court below would have been fully justified in declining to approve the transcript of the evidence submitted on April 19, 1927, and in refusing to grant any further extension of time within which to complete the said transcript, had not the trial judge, through inadvertence or otherwise, previously signed the order now invoked by appellant as authority for the course pursued by counsel in flagrant disregard of the order of even date upon which so much stress is laid by appellee. But we find nothing whatever in the cases of *Díaz* v. *Porto Rico Railway, Light & Power Company*, 32 P.R.R. 89, and *Díaz* v. *Porto Rico Railway, Light & Power Co.*, 33 P.R.R. 279, to support the proposition that the district judge has no power to grant an extension of time within which to complete by amendment a transcript of evidence already filed, after the expiration

of a period previously fixed, when acting upon a motion for such additional time made within the period first allowed.

Here, of course, there was no formal motion for such an extension but the same principle applies *a fortiori* to a *prima facie* compliance with the curious contemporaneous order of March 21st which calls for a transcript containing only the evidence introduced upon the question of damages. Plaintiff having complied with the terms of this order within the period prescribed thereby, the question of further extensions of time as well as the question of approval of the transcript so submitted was a matter still within the jurisdiction and power of the district judge, notwithstanding the expiration of the time fixed in the other order of even date for the filing of a transcript of the evidence adduced in the Roselló Bras case.

The presentation of the two transcripts in two parts each certified by the court stenographer for approval by the trial judge as a transcript of the evidence in the instant case was not only a substantial compliance with the order of the court below but also the most simple, expeditious and inexpensive method of preparing a transcript on appeal. The better practice, no doubt, would have been to number the two transcripts consecutively throughout, as indicated by Rule 39 of this court, and to have identified the same by a more specific reference to the two volumes and to such consecutive paging in the certificate of the trial judge. Nevertheless, the district judge certified that the transcript approved by him is complete, correct and true and that it contains all the testimony and documents necessary and pertinent to the present appeal. Construing this certificate in the light of the several incidents and orders which preceded the final approval of the transcript, we have no reason to doubt that both transcripts were in fact before the district judge at the time of such approval and were in fact approved by him.

The two transcripts also refer to such entirely separate and distinct aspects of the instant case that there is no possibility of any doubt or confusion arising out of the want of consecutive numbering. Even otherwise, any such doubt or confusion might be readily removed by requiring of appellant a more specific reference in the brief, without the necessity of dismissing the appeal or of returning the transcript to the court below for amendment thereof.

Appellee further says in support of the motion to dismiss:

1. That on May 12, 1926, no notice of appeal having been filed herein, an application for the making and preparation of a transcript was filed.

2. That the notice of appeal was filed three days thereafter.

3. That law No. 27 of 1917, as amended in 1919, requires that the application for the making and filing of a transcript be filed within ten days after the filing of the notice of appeal.

4. That the order directing the preparation of the transcript is therefore void and without legal force and effect.

Another ground of the motion is that the attorney for appellant does not certify to service of a copy of the judgment roll upon counsel for appellee.

The question as to the premature filing of a motion for the making and preparation of the transcript of the evidence, as well as the contention in regard to the absence of a seal, has been discussed and decided in the case of *Roselló Bras* v. *American Railroad Co. of Porto Rico, ante,* page 566.

Here also, as in the Roselló Bras case, the secretary of the district court certifies to the delivery of a copy of the judgment roll to counsel for appellee as well as to the attorney for appellant.

The motion to dismiss the appeal will be denied.